1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT
9                                 DISTRICT OF NEVADA
10

11  INTERIM CAPITAL, LLC, a Florida    )
    limited liability company,         )
12                                     )
                                       )
13          Plaintiff,                 )    2:09-cv-1606-KJD-LRL
                                       )
14  vs.                                )
                                       )    **ORDER**
15  THE HERR LAW GROUP, LTD., a Nevada )
    limited liability company; et al., )
16                                     )
            Defendants.                )
17  _____)

18
    	Presently before the Court is Plaintiff's Motion for Summary Judgment (#61). The Court has
19
    received and considered Defendants' Opposition (#72) and Plaintiff's Reply (#78). Defendants do
20
    not dispute the facts or procedural history as set forth in the Motion for Summary Judgment, nor do
21
    they dispute the accuracy and genuineness of the exhibits attached thereto including Defendants'
22
    guarantees.
23
    	The opposition is based on Defendants' contention that N.R.S. 40.430, the "one action
24
    rule"and N.R.S. 40.455, the "deficiency judgment statute",  protect them from a deficiency
25
    judgment, requiring  application for judgment within six months <u>after</u> the date of the foreclosure
26
    sale.  Plaintiff brought this action <u>before</u> the foreclosure sale, not <u>after</u> the foreclosure sale.  The

Court rejects the argument that this action could not be brought until after the foreclosure sale. Defendant guarantors waived the one action rule. The subject time provision acts only as a limitation of time within which an action may be brought. It does not purport to address when the cause of action accrued. Defendants' interpretation flies in the face of N.R.S. 40.495 which allows actions against guarantors before a sale has occurred. Plaintiff's cause of action accrued upon default. The deficiency statute only functions to limit damages.

Pursuant to the request of the parties for hearing on valuation, the Court on April 5, 2011, took evidence and argument on the issue of valuation and allowed the parties briefing limited to the amount of indebtedness. The Court subsequently received Defendants' brief (#82) and Plaintiff's response (#83).

The Court agrees with Plaintiff that the deficiency judgment in this case is not limited by the amount paid by the assignee of the note or notes. N.R.S. 40.451 does not function to limit a creditor's recovery to the amount paid to acquire the obligation. Transfer vests in the transferee all rights held by the transferor. The statutory reference to "the amount paid by the lienholder" can only be interpreted as limiting the lien to the amount actually paid out by the original lienholder. Defendant guarantors are liable for the full amount of the deficiency pursuant to N.R.S. 40.459, together with interest, fees, transfer tax payments, trustee costs, attorney fees and costs including post-judgment collection fees and costs.

Accordingly, Plaintiff's Motion for Summary Judgment (#61) is **GRANTED**. Counsel for Plaintiff shall submit to the Court a proposed form of judgment.

DATED this 23rd day of August 2011.

_____
Kent J. Dawson
United States District Judge